Dear Ms. Golden:
You advise this office that the Ouachita Parish Police Jury has received a request for payment of the attorney's fees incurred by a police juror in the defense of criminal charges that were recently dismissed.
The following two counts were dismissed: the unauthorized use of a movable (reclaimed asphalt pavement) which belonged to the Ouachita Parish Police Jury, and malfeasance in office related to the placement of that reclaimed asphalt pavement on a private parking lot.
This office has consistently stated that where a public official has been the subject of a prosecution of criminal charges arising out of the performance of the official functions of his office, and the prosecution results in an acquittal or dismissal, the public official's attorney's fees may be paid or reimbursed from public funds, provided the fees and expenses are reasonable. See Attorney General Opinion 94-384, copy attached.
In order to determine that the legal expenses incurred by the police juror were reasonable in this instance, the police jury would have to conclude that: (1) the hourly rate charged by counsel was reasonable (and although the Attorney General's Maximum Hourly Fee Schedule, enclosed herewith, is not controlling, but should assist the police jury in making that determination), (2) that the number of hours spent by counsel was reasonable and necessary, and (3) that any costs incurred by counsel were reasonable and necessary. See Attorney General Opinion 97-491, copy attached.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL *Page 1 
TO: ALL INTERESTED PERSONS
FROM: CHARLES C. FOTI
RE: MAXIMUM HOURLY FEE SCHEDULE
This is to advise all interested persons that the approved Maximum Hourly Fee Schedule of this office for professional legal services, effective this date, shall be as follows:
 $175.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF TEN
 YEARS OR MORE IN THE PRACTICE OF LAW
 $150.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF
 FIVE TO TEN YEARS IN THE PRACTICE OF LAW
 $125.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE
 OF THREE TO FIVE YEARS IN THE PRACTICE OF LAW
 $100.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF
 LESS THAN THREE YEARS IN THE PRACTICE OF LAW
 $ 45.00 PER HOUR FOR PARALEGAL SERVICES
 $ 25.00 PER HOUR FOR LAW CLERK SERVICES
 *Page 1 
90-A POLITICAL SUBDIVISIONS — Officers, Agents Employees
90-A-1 PUBLIC FUNDS CONTRACTS
90-A-2 PUBLIC FUNDS — Loan, Pledge or Grants
Town of Ferriday may reimburse its former Mayor for attorney fees incurred in defense of criminal charges arising out of his employment if he is found not quilty.
Mr. Henderson Cook, Jr. Council Member Town of Ferriday 212 North Second Street Ferriday, Louisiana 71334
Dear Mr. Cook:
This office is in receipt of your request for the opinion of this office regarding reimbursement of the attorney's fees incurred by former Mayor Sammy Davis, Jr., in connection with the successful defense of criminal charges arising out of the performance of his duties as Mayor. Specifically, you ask whether the Town of Ferriday may legally reimburse Mr. Davis for the attorney's fees in question.
This office has consistently opined that if a public official or employee is prosecuted for a criminal offense and is found not guilty and the alleged offense arose out of the performance of his official functions, then the public body that employs that person may pay the reasonable attorney's fees and expenses that result from the defense against such charges. Atty. Gen. Op. No. 93-376, 91-474, 89-110.
It appears that the charges brought against former Mayor Davis arose out of action taken by him in the course of performing his official duty. We also note that the hourly rate charged by the Mayor Davis' counsel (in accordance with the statement enclosed with your request) is reasonable, as the hourly rate does not exceed the Maximum Hourly Rates chargeable in accordance with the Maximum Hourly Fee Schedule of this office. As such, if the Town of Ferriday determines that the number of hours spent was reasonable and necessary, and that the costs incurred were reasonable and necessary, it is the opinion of this office that the Town of Ferriday can reimburse Sammy Davis, Jr. for the attorney's fees in question.
I am enclosing herewith a copy of Atty. Gen. Op. No. 94-276, as it is factually related to your request. In spite of our opinion herein regarding reimbursement of the attorneys' fees *Page 2 
in question by Mr. Davis' former employer, the Town of Ferriday, it remains the opinion of this office that the State of Louisiana is constitutionally prohibited from reimbursing Mr. Davis for those fees.
Trusting this adequately responds to your request, we remain,
 Yours very truly, RICHARD P. IEYOUB Attorney General BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General *Page 1 
90-A-1 PUBLIC FUNDS CONTRACTS
Discussion of issues in connection with municipality's reimbursement of Police Chief's attorneys fees.
Honorable Truman M. Durr, Mayor Village of Pleasant Hill P.O. Box 125 Pleasant Hill, LA 71065
Dear Mayor Durr:
This office is in receipt of your recent opinion request regarding the propriety of the Village of Pleasant Hill's reimbursement of its Chief of Police for attorney's fees incurred in his defense of a civil lawsuit involving federal charges of sexual harassment brought against the Chief And the Town of Pleasant Hill. It is our understanding that both the Chief and the Town were successful in the defense of these suits. Specifically you ask the following questions:
 1. Was the alleged offense against the Chief of Police considered committed during the performance of, as well as within the course and scope of, the official functions and duties of his position as Chief of Police?
 2. Would payment of legal fees be in order since the Chief chose to retain "private counsel"?
 3. Would the suit be considered settled and final, and payment be in order since plaintiff's attorney has filed a motion to overturn the jury's verdict?
 4. Was there an ethics violation committed or at the least, a conflict of interest involved in voting on the resolution to pay the Chief's legal fees by one of the Aldermen because he is the chief's nephew? Should said Alderman have recused himself from the issue or abstained voting?
 5. Did the Aldermen err in authorizing payment of $15,000 in legal expenses for the Chief's separate civil suit and has a misuse of public funds been committed?
With regard to your first question, we must respectfully advise that we are not in a position to provide you with an answer. The question of whether particular acts committed by a municipal officer or employee were committed during the performance of, as well as within the course and scope of, the official functions and duties of his position is fact-sensitive and can only be answered by finders of fact, such as courts of law. Although this office is happy to address questions of law, we are not finders of fact. *Page 2 
In answer to your third question, it is the opinion of this office that litigation is not successfully concluded until the time for the filing of all motions and appeals has passed.
Your fourth question would be more appropriately addressed by the Ethics Administration, and we suggest that you contact them directly. By copy hereof, we are, however, making the Ethics Administration aware of this advice.
In response to your second and fifth questions, it is the opinion of this office that the Board of Aldermen may reimburse the Chief of Police for the reasonable legal expenses he incurred in defending the suit, as long as the allegations against him arose during the performance of, and out of the course and scope of his employment. In order to determine that the legal expenses incurred by the Chief were reasonable, the Board of Aldermen would have to determine that: (1) the hourly rate charged by counsel was reasonable (and although the Attorney General's Maximum Hourly Fee Schedule, enclosed herewith, is not controlling it may assist the Aldermen in making that determination), (2) that the number of hours spent by counsel was reasonable and necessary, and (3) that any costs incurred by counsel were reasonable and necessary. Atty. Gen. Ops. Nos. 96-95, 95-492, 95-242.
We hope that this addresses your concerns. Should you have further questions, please contact this office.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General